JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

     450 Golden Gate Avenue, P.O. Box 36055
     San Francisco, California 94102-3495
     Telephone:    (415) 436-7264
     Facsimile:    (415) 436-6748
     Email:      abraham.simmons@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| Hi/fn, Inc., | ) | No. C 07-6430 MMC |
| | ) | **E-FILING CASE** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT'S ANSWER** |
| Jonathan W. Dudas, Director of the | ) | |
| United States Patent & Trademark Office, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

     Defendant Jonathan W. Dudas ("Defendant"), Director of the United States Patent and

Trademark Office, hereby files and serves the following Answer to the Complaint of Hi/fn, Inc.

("Plaintiff") in accordance with Rules 8 and 12 of the Federal Rules of Civil Procedure and Local

Rules 3 and 5.

## **AFFIRMATIVE DEFENSES**

     In accordance with Rule 8(c) of the Federal Rules of Civil Procedure, Defendant hereby

asserts the following affirmative defenses.

1.    Plaintiff failed to meet his burden of proving to the satisfaction of the Director that the

entire delay in submitting the required maintenance fee for the Hifn Patents (as defined by

Plaintiff in ¶ 3 of the Complaint) was unavoidable within the meaning of 35 U.S.C. § 41(c)(1)

and 37 C.F.R. § 1.378(b).

2.      All averments in the Complaint not expressly admitted in this Answer are hereby denied.

## ANSWER TO NUMBERED PARAGRAPHS

_____Defendant answers the correspondingly numbered paragraph of Plaintiff's Complaint as follows:

## THE PARTIES

1.      Defendant is without sufficient knowledge or information to admit or deny the averments contained in ¶ 1 of the Complaint.  To the extent that a response is required, the averments are denied.

2.      Defendant admits that he is the Under-Secretary of Commerce and Director of the United States Patent and Trademark Office, and denies ¶ 2 of the Complaint to the extent it states otherwise.

## NATURE OF THIS ACTION

3.      Defendant admits the averments contained in ¶ 3 of the Complaint.

4.      The averments contained in ¶ 4 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the averments are denied.

5.      Defendant admits the averments contained in ¶ 5 of the Complaint.

## JURISDICTION AND VENUE

6.      The averments contained in the first sentence of ¶ 6 of the Complaint constitute conclusions/statements of law to which no response is required.  With regard to the averments of injury to Plaintiff in the second sentence of ¶ 6, Defendant is without sufficient information to admit or deny; to the extent a response is deemed required, the averment is denied.  Defendant admits that the USPTO refused to reinstate the Hifn Patents and that those Patents are generally directed towards data compression technology.  Defendant is without sufficient information or knowledge to admit or deny the averments that Plaintiff manufactures, licenses, and/or sells such technology as averred in the second sentence of ¶ 6.

7.      The averments contained in ¶ 7 of the Complaint constitute conclusions/statements of law to which no response is required.

1

**FACTUAL BACKGROUND**

2  8.    Defendant admits the averments contained in ¶ 8 of the Complaint.

3  9.    Defendant admits the averments contained in ¶ 9 of the Complaint.

4  10.    Defendant admits the averments contained in ¶ 10 of the Complaint.

5  11.    Defendant admits the averments contained in ¶ 11 of the Complaint.

6  12.    Defendant admits the averments contained in ¶ 12 of the Complaint.

7  13.    Defendant admits the averments contained in ¶ 13 of the Complaint.

8  14.    Defendant admits the averments contained in ¶ 14 of the Complaint.

9  15.    Defendant admits the averments contained in ¶ 15 of the Complaint.

10  16.    Defendant admits the averments contained in ¶ 16 of the Complaint.

11  17.    Defendant admits the averments contained in ¶ 17 of the Complaint.

12  18.    The averments contained in ¶ 18 of the Complaint constitute conclusions of law to which

13  no response is required.  To the extent a response is deemed required, the averments are denied.

14  Defendant admits the Hi/fn Patents expired due to the failure to pay the required maintenance

15  fees.

16  19.    The averments contained in ¶ 19 of the Complaint constitute conclusions of law to which

17  no response is required.

18  20.    Defendant admits the averments contained in the first sentence of ¶ 20 of the Complaint.

19  Defendant admits the averments contained in subsections (1) and (2) of the second sentence of

20  ¶ 20 of the Complaint.  The averments contained in subsection (3) of the second sentence of ¶ 20

21  of the Complaint constitute conclusions of law to which no response is required; to the extent a

22  response is deemed required, the averments are denied.  The averments contained in the third

23  sentence of ¶ 20 constitute conclusions of law to which no response is required; to the extent a

24  response is deemed required, the averments are denied.  Defendant admits the averments

25  contained in the fourth sentence of ¶ 20 of the Complaint.

26  21.    Defendant admits the averments contained in the first sentence of ¶ 21 of the Complaint.

27  The averments contained in the second and third sentences of ¶ 21 constitute Plaintiff's

28  characterization of the April 25, 2007 Petition Decision.  Defendant respectfully directs the Court

1    to that document for the most complete and accurate statement of its contents, and denies the

2    averments insofar as the averments are inconsistent therewith.  Defendant further responds that

3    the averments contained in the third sentence of ¶ 21 constitute a statement of law to which no

4    response is required.

5    22.    Defendant admits the averments contained in ¶ 22 of the Complaint.

6    23.    The averments contained in ¶ 23 of the Complaint constitute a statement of law to which

7    no response is required.  Defendant further responds that the averments in ¶ 23 constitute

8    Plaintiff's characterization of the October 24, 2007 Reconsideration Petition Decision.

9    Defendant respectfully directs the Court to that document for the most complete and accurate

10   statement of its contents, and denies the averments insofar as the averments are inconsistent

11   therewith.

12   24.    Defendant admits the averments contained in the first sentence of ¶ 24 of the Complaint.

13   The averments contained in the second sentence of ¶ 24 constitute conclusions of law to which

14   no response is required; to the extent one is required, the averments are denied.  The averments

15   contained in the third sentence of ¶ 24 constitute conclusions of law to which no response is

16   required.  Defendant admits that the Complaint was timely filed.

17                **FACTS SUPPORTING SHOWING OF UNAVOIDABLE DELAY**

18   25.    Defendant admits that ¶¶ 26-38 of the Complaint contain Plaintiff's characterization of

19   facts in the agency record that they contend supports a showing of unavoidable delay in failing to

20   timely pay the required maintenance fees on the Hifn Patents.  Defendant respectfully directs the

21   Court to the record for the most complete and accurate statement of its contents, and denies the

22   averments insofar as the averments are inconsistent therewith.  Defendant notes that any new

23   factual allegations are immaterial to this action for APA review of the agency decision, which is

24   based exclusively on the contents of the agency record.  Further, whether the facts contained in

25   the agency record actually support such the required showing is a conclusion of law to which no

26   response is required; to the extent one is deemed required, the averments are denied.

27   26.    Defendant admits the averments contained in the first and fourth sentences of ¶ 26.

28   Defendant is without sufficient knowledge or information to admit or deny the averments

1    contained in the second, third, and fourth sentences of ¶ 26 of the Complaint.  To the extent that

2    a response is required, the averments are denied..

3    27.    Defendant is without sufficient knowledge or information to admit or deny the averments

4    contained in ¶ 27 of the Complaint.  Defendant further responds that the averments in ¶ 27

5    constitute Plaintiff's characterization of facts in the agency record.  Defendant respectfully

6    directs the Court to the record for the most complete and accurate statement of its contents, and

7    denies the averments insofar as the averments are inconsistent therewith.  Defendant notes that

8    any new factual allegations are immaterial to this action for APA review of the agency decision,

9    which is based exclusively on the contents of the agency record.

10    28.    Defendant is without sufficient knowledge or information to admit or deny the averments

11    contained in ¶ 28 of the Complaint.  Defendant further responds that the averments in ¶ 28

12    constitute Plaintiff's characterization of facts in the agency record.  Defendant respectfully

13    directs the Court to the record for the most complete and accurate statement of its contents, and

14    denies the averments insofar as the averments are inconsistent therewith.  Defendant notes that

15    any new factual allegations are immaterial to this action for APA review of the agency decision,

16    which is based exclusively on the contents of the agency record.

17    29.    Defendant is without sufficient knowledge or information to admit or deny the averments

18    contained in ¶ 29 of the Complaint.  Defendant further responds that the averments in ¶ 29

19    constitute Plaintiff's characterization of facts in the agency record.  Defendant respectfully

20    directs the Court to the record for the most complete and accurate statement of its contents, and

21    denies the averments insofar as the averments are inconsistent therewith.  Defendant notes that

22    any new factual allegations are immaterial to this action for APA review of the agency decision,

23    which is based exclusively on the contents of the agency record.

24    30.    Defendant is without sufficient knowledge or information to admit or deny the averments

25    contained in ¶ 30 of the Complaint.  Defendant further responds that the averments in ¶ 30

26    constitute Plaintiff's characterization of facts in the agency record.  Defendant respectfully

27    directs the Court to the record for the most complete and accurate statement of its contents, and

28    denies the averments insofar as the averments are inconsistent therewith.  Defendant notes that

1    any new factual allegations are immaterial to this action for APA review of the agency decision,

2    which is based exclusively on the contents of the agency record.

3    31.    Defendant is without sufficient knowledge or information to admit or deny the averments

4    contained in ¶ 31 of the Complaint.  Defendant further responds that the averments in ¶ 31

5    constitute Plaintiff's characterization of facts in the agency record.  Defendant respectfully

6    directs the Court to the record for the most complete and accurate statement of its contents, and

7    denies the averments insofar as the averments are inconsistent therewith.  Defendant notes that

8    any new factual allegations are immaterial to this action for APA review of the agency decision,

9    which is based exclusively on the contents of the agency record.

10    32.    Defendant is without sufficient knowledge or information to admit or deny the averments

11    contained in ¶ 32 of the Complaint.  Defendant further responds that the averments in ¶ 32

12    constitute Plaintiff's characterization of facts in the agency record.  Defendant respectfully

13    directs the Court to the record for the most complete and accurate statement of its contents, and

14    denies the averments insofar as the averments are inconsistent therewith.  Defendant notes that

15    any new factual allegations are immaterial to this action for APA review of the agency decision,

16    which is based exclusively on the contents of the agency record.

17    33.    Defendant is without sufficient knowledge or information to admit or deny the averments

18    contained in ¶ 33 of the Complaint.  Defendant further responds that the averments in ¶ 33

19    constitute Plaintiff's characterization of facts in the agency record.  Defendant respectfully

20    directs the Court to the record for the most complete and accurate statement of its contents, and

21    denies the averments insofar as the averments are inconsistent therewith.  Defendant notes that

22    any new factual allegations are immaterial to this action for APA review of the agency decision,

23    which is based exclusively on the contents of the agency record.

24    34.    Defendant is without sufficient knowledge or information to admit or deny the averments

25    contained in ¶ 34 of the Complaint.  Defendant further responds that the averments in ¶ 34

26    constitute Plaintiff's characterization of facts in the agency record.  Defendant respectfully

27    directs the Court to the record for the most complete and accurate statement of its contents, and

28    denies the averments insofar as the averments are inconsistent therewith.  Defendant notes that

1  any new factual allegations are immaterial to this action for APA review of the agency decision,

2  which is based exclusively on the contents of the agency record.

3  35.    Defendant is without sufficient knowledge or information to admit or deny the averments

4  contained in ¶ 35 of the Complaint.  Defendant further responds that the averments in ¶ 35

5  constitute Plaintiff's characterization of facts in the agency record.  Defendant respectfully

6  directs the Court to the record for the most complete and accurate statement of its contents, and

7  denies the averments insofar as the averments are inconsistent therewith.  Defendant notes that

8  any new factual allegations are immaterial to this action for APA review of the agency decision,

9  which is based exclusively on the contents of the agency record.

10  36.    Defendant is without sufficient knowledge or information to admit or deny the averments

11  contained in ¶ 36 of the Complaint.  Defendant further responds that the averments in ¶ 36

12  constitute Plaintiff's characterization of facts in the agency record.  Defendant respectfully

13  directs the Court to the record for the most complete and accurate statement of its contents, and

14  denies the averments insofar as the averments are inconsistent therewith.  Defendant notes that

15  any new factual allegations are immaterial to this action for APA review of the agency decision,

16  which is based exclusively on the contents of the agency record.

17  37.    Defendant is without sufficient knowledge or information to admit or deny the averments

18  contained in ¶ 37 of the Complaint.  Defendant further responds that the averments in ¶ 37

19  constitute Plaintiff's characterization of facts in the agency record.  Defendant respectfully

20  directs the Court to the record for the most complete and accurate statement of its contents, and

21  denies the averments insofar as the averments are inconsistent therewith.  Defendant notes that

22  any new factual allegations are immaterial to this action for APA review of the agency decision,

23  which is based exclusively on the contents of the agency record.

24  38.    Defendant is without sufficient knowledge or information to admit or deny the averments

25  contained in ¶ 38 of the Complaint.  Defendant further responds that the averments in ¶ 38

26  constitute Plaintiff's characterization of facts in the agency record.  Defendant respectfully

27  directs the Court to the record for the most complete and accurate statement of its contents, and

28  denies the averments insofar as the averments are inconsistent therewith.  Defendant notes that

1  any new factual allegations are immaterial to this action for APA review of the agency decision,

2  which is based exclusively on the contents of the agency record.

3  **FIRST CLAIM FOR RELIEF**

4  39.    Defendant incorporates its responses to the averments contained in Plaintiff's Complaint.

5  40.    The averments contained in ¶ 40 of the Complaint constitute conclusions of law to which

6  no response is required.  To the extent a response is deemed required, the averments are denied.

7  41.    The averments contained in ¶ 41 of the Complaint constitute conclusions of law to which

8  no response is required.  To the extent a response is deemed required, the averments are denied.

9  42.    The averments contained in ¶ 42 of the Complaint constitute conclusions of law to which

10  no response is required.  To the extent a response is deemed required, the averments are denied.

11  43.    The averments contained in ¶ 43 of the Complaint constitute conclusions of law to which

12  no response is required.  To the extent a response is deemed required, the averments are denied.

13  44.    The averments contained in ¶ 44 of the Complaint constitute conclusions of law to which

14  no response is required.  To the extent a response is deemed required, the averments are denied.

15  **PRAYER FOR RELIEF**

16  Defendant denies that Plaintiff is entitled to any of the relief claimed in its prayer for

17  relief.

18

19  March 20, 2008                              Respectfully submitted,

20                                              JOSEPH P. RUSSONIELLO
                                                United States Attorney
21

22  _____/s/_____

23  ABRAHAM A. SIMMONS
    Assistant United States Attorney
    Attorneys for Defendant

24
    OF COUNSEL:
25
    ROBERT J. MCMANUS
26  WILLIAM J. LAMARCA
    Associate Solicitors
27  USPTO Office of the Solicitor
    P.O. Box 15667
28  Arlington, VA 22215
    (571) 272-9035

Defendant's Answer
C 07-6430 MMC                              8