FLIESLER MEYER LLP
Martin C. Fliesler (SBN 073768)
Rex Hwang (SBN 221079)
Julie Daniels Missud (SBN 219508)
650 California Street, 14th Floor
San Francisco, California 94108
Telephone:    (415) 362-3800
Facsimile:     (415) 362-2928
mcf@fdml.com
rhwang@fdml.com
jmissud@fdml.com

**Attorneys for Plaintiff,
Hi/fn, Inc.**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| Hi/fn, Inc., a Delaware Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>JONATHAN W. DUDAS, Director of the United States Patent & Trademark Office,<br><br>    Defendant. | CASE NO.  C 07-6430 MMC<br><br>**PLAINTIFF HIFN, INC.'S REPLY TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Date:        May 30, 2008<br>Time:       9:00 a.m.<br>Location: Courtroom 7, 19th Floor<br><br>**Honorable Maxine M. Chesney** |

## I.    INTRODUCTION

Congress enacted 35 U.S.C. § 41(c)(1) intending to allow patent owners to petition the USPTO to revive expired patents and accept maintenance fee payments more than 24 months late for unavoidably delayed payments. Congress also enacted 35 U.S.C. § 41(c)(2) that allows individuals and entities who are making business decisions to be afforded intervening rights

1  during the time period that a patent has been unavoidably expired.  Thus, Congress has created a
2  system that protects both patent owners as well as members of the public who have relied on the
3  fact that a particular patent has expired.  Given the fact that Hifn's patents became unavoidably
4  expired, the Government's motion for summary judgment should be denied.

5  It is noted that the majority of the Government's arguments presented in the Defendant's
6  Cross-Motion for Summary Judgment have also been presented in its Opposition to Hifn's
7  Motion for Summary Judgment.  Accordingly, Hifn's responses to the arguments raised by the
8  Government here are primarily found in Hifn's Reply to Defendant's Opposition To Hifn's
9  Motion for Summary Judgment, which has been filed concurrently.  Other facts and arguments
10 relevant to this reply are also contained in Hifn's Motion for Summary Judgment.  Accordingly,
11 all relevant papers should be considered before deciding this Motion.

12 **II.    ARGUMENT**

13 **A.     The Unavoidable Delay Standard Is One of Reasonableness**

14 "In determining whether a delay in paying a maintenance fee was unavoidable, one looks
15 to whether the party responsible for payment of the maintenance fee exercised the due care of a
16 reasonably prudent person."  *Ray v. Lehman*, 55 F.3d 606, 609 (Fed. Cir. 1995); *see also*
17 *Douglas v. Manbeck*, 1991 U.S. Dist. LEXIS 16404, 21 USPQ2D 1697, 1700 (E.D. Pa. 1991); *In*
18 *re Mattullath*, 38 App. D.C. 497, 514-15 (D.C. Cir. 1912).  Thus, the unavoidable delay standard
19 is clearly based on a "reasonably prudent person" standard.  The Government, however,
20 repeatedly indicates that the unavoidable delay standard is based on a "heightened," "exacting,"
21 and/or "strict" standard.  *See* Defendant's Cross-Motion for Summary Judgment ("Defendant's
22 Cross Motion"), p. 12, lns. 1-2, 13, 21.  The Government's mischaracterization of the
23 unavoidable standard should not be allowed and Hifn should not be held to a higher standard
24 than caselaw provides for.

25

**B.     The Delay in Discovering the Expiration of the '307 Patent is Justified.**

The '307 patent expired on March 26, 2003; Hifn did not discover this fact until December, 2006. The USPTO found that Hifn failed to show diligence between March of 2003 and December of 2006, however, the delay in discovery was justified given the facts and circumstances of this case.

It is undisputed that a patent owner may show that it took reasonable steps to ensure timely payment of maintenance fees by showing that it engaged outside counsel to monitor the maintenance fees due for its patents. *California Medial Prod., Inc. v. Tecnol Medical Prod., Inc.*, 921 F. Supp. 1219, 1259 (D. Del. 1995). If the patent owner reasonably relied upon counsel to monitor its maintenance fees, then the focus of the inquiry shifts to whether outside counsel acted reasonably and prudently. *Id.* This shifting of the focus also applies to the required showing of diligence during the time that a patent was unavoidably expired.

For example, in the *Tecnol* case, the patentee reasonably relied on his attorney to remind him of maintenance fee due dates. *Id.* at 1258. The attorney, however, failed to remind the patentee of the proper due date of a maintenance fee as the result of a clerical error. *Id.* Accordingly, the patentee unwittingly allowed the patent to lapse. *Id.* It took approximately two and a half years for the failure to pay the maintenance fee to be discovered by the attorney. *Id.* During that two and a half year time period, the patentee did not take any affirmative steps to ensure that the maintenance fee would be timely paid other than to rely on his attorney. Regardless, the Court – as well as the PTO in its underlying decision – implicitly found that the patentee's reliance on his counsel during that time period was sufficient to reinstate the patent because the focus of the inquiry had shifted to his counsel. *Id*. at 1258-1259.

In this case, Hifn reasonably relied upon its counsel to pay the maintenance fees for its patents during all relevant time periods, including the time period between March of 2003 and December of 2006. As set forth in detail in Hifn's Motion for Summary Judgment, Hifn's

reliance on its counsel was reasonable and its counsel's actions were reasonable. Thus, under *Tecnol*, Hifn has established the requisite diligence required to have its patents reinstated under 35 U.S.C. § 41(c)(1).

**C.    Defendant's Other Basis For Its Cross-Motion Has Been Addressed In Hifn's Reply to Defendant's Opposition to Hifn's Motion for Summary Judgment.**

The Defendant's Cross Motion argues that Hifn had no system in place to ensure timely payment of the '307 patent maintenance fees at the time the patent expired. This argument is essentially the same argument that was set forth in Defendant's Opposition to Hifn's Motion for Summary Judgement. Accordingly, instead of repeating all of the same arguments here, Hifn refers this court to its Reply to Defendant's Opposition to Hifn's Motion for Summary Judgment filed herewith. Additionally, all of the facts and arguments raised in Hifn's Motion for Summary Judgment should also be considered in deciding Defendant's Cross-Motion for Summary Judgment. *Fair Housing Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).

**III.   CONCLUSION**

This Court should deny Defendant's Cross-Motion For Summary Judgment and grant Plaintiff's Motion for Summary Judgment to reinstate Hifn's patents at issue.

Respectfully submitted,

Dated:   May 16, 2008            /s/ Martin C. Fliesler
                                 FLIESLER MEYER LLP
                                 Martin Fliesler (SBN 073768 )
                                 Rex Hwang (SBN 221079)
                                 Julie Daniels Missud (SBN 219508)
                                 650 California Street, 14th Floor
                                 San Francisco, California 94108

                                 Attorneys for Plaintiff
                                 Hi/fn, Inc.